United States District Court
Southern District of Texas
**ENTERED**
May 04, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| J.V. b/n/f JOSE VEGA AND MARGARITA VEGA, "Plaintiffs," v. BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, "Defendant." | § § § § § § § § § | Civil Action No. 1:21-cv-00115 |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are these pleadings: Defendant's "Motion to Dismiss for Lack of Subject Matter Jurisdiction" ("MTD") (Dkt. No. 5), Plaintiffs' "Response to Defendant Brownsville Independent School District's Motion to Dismiss for Lack of Subject Matter Jurisdiction" ("Response") (Dkt. No. 9), Defendant's "Supplement to Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Dkt. No. 10), "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 16), and Plaintiffs' "Objections to the Magistrate Judge's Report and Recommendations" (Dkt. No. 19).

The R&R recommends that this Court: (1) grant Defendant's MTD (Dkt. No. 5); and (2) dismiss with prejudice all of Plaintiffs' claims; and (3) direct the Clerk of Court to close this case.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

This case arises out of an injury allegedly sustained by a minor student while on a Brownsville Independent School District ("BISD") middle school field trip[1]. On August 21, 2017, Plaintiffs[2] filed claims with the Texas Education Agency ("TEA") against BISD under the Individuals with Disabilities Education Act ("IDEA"), the Americans with Disabilities Act ("ADA"), and § 504 of the Rehabilitation Act of 1973 ("§ 504") ("First TEA Case"). *See J.V. v. Brownsville Indep. Sch. Dist.*, Dkt. No. 63 at 89, 97-103, No. 1:18-CV-008, 2020 WL 3415747 (S.D. Tex. June 22, 2020) (citing *Joshua V., b/n/f Jose and Margarita V. v. Brownsville Independent School District*, No. 286-SE-0817, Texas Education Agency). The TEA's Special

---

[1] The incident occurred March 29, 2016.
[2] Plaintiffs Jose and Margarita Vega filed this lawsuit on behalf of their minor son, J.V., against Defendant, BISD. Dkt. No. 1 at 1.

1

Education Hearing Officer ("SEHO") dismissed without prejudice all non-IDEA claims for lack of subject matter jurisdiction. *Id.* at 16-21. Plaintiffs appealed the ADA and § 504 claims from the First TEA Case to the United States District Court for the Southern District of Texas ("First Federal Case"). *See J.V. v. Brownsville Indep. Sch. Dist.*, No. 1:18-CV-008, 2020 WL 3415747, at 2 (S.D. Tex. June 22, 2020). The Magistrate Judge dismissed the ADA and § 504 claims because Plaintiffs had not obtained "an administrative decision on the merits used by the SEHO." *Id.* at 9.

On December 21, 2018, Plaintiffs filed an IDEA claim with the TEA against BISD ("Second TEA Case"). *See Decision of Hearing Officer at 29 in Student, b/n/f Parent and Parent v. Brownsville Indep. Sch. Dist.*; No. 120-SE-1218; Texas Education Agency. The SEHO denied Plaintiff's claim without discussing the March 29, 2016, incident. *See id.* Plaintiffs appealed the IDEA claim from the Second TEA Case to the United States District Court for the Southern District of Texas ("Second Federal Case"). *J.V. b/n/f Jose and Margarita Vega,* Dkt. No. 1 at 1, No. 1:20-cv-31 (S.D. Tex. June 22, 2020). The Court dismissed with prejudice Plaintiffs' claims based on the parties' stipulation of dismissal. *Id.* at Dkt. Nos. 15, 17.

On February 2021, Plaintiffs filed ADA, § 504, and IDEA claims with the TEA against BISD arising out of the March 29, 2016, incident ("Third TEA Case"). *See* Dkt. No. 10 at 9-10 (citing *Joshua V. b/n/f Jose & Margarita V. v. Brownsville Independent School District*, No. 100-SE-0221, Texas Education Agency); *see also* Dkt. No. 10-4 at 1-2. The SEHO dismissed with prejudice all claims based on the parties' stipulation of dismissal. Dkt. Nos. 10-3 at 5, 10-4 at 2. On August 3, 2021, Plaintiffs filed the current suit, in which they assert claims under the ADA, § 504, and Texas Human Resources Code ("THRC"). Dkt. No. 1 at 12-14.

## II. DISCUSSION

A party may contest the proposed findings and conclusions in a report and recommendation by filing written objections within fourteen days of being served with a copy of the report and recommendation. *See* 28 U.S.C. § 636(b)(1). A party's objections to portions of a report and recommendation entitle him to *de novo* review by the Court. *See* 28 U.S.C. § 636(b)(1). But objections must specifically identify those findings or recommendations to which objections are made. The Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Proposed findings and recommendations to which no objections were filed are reviewed for clear error. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Quinn*

*v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017). Plaintiffs filed objections[3] to the R&R. *See* Dkt. No. 19.

### A. Plaintiffs' ADA and § 504 claims

A plaintiff bringing a claim under any law must first exhaust administrative remedies under the IDEA "when the gravamen of a complaint seeks redress for a school's failure to provide a FAPE, even if not phrased or framed in precisely that way." *Fry v. Napoleon Comm. Schools*, 137 S. Ct. 743, 755, 197 L. Ed. 2d 46 (2017). The Supreme Court in *Fry* offered "a pair of hypothetical questions" that, when answered, could provide a "clue as to whether the gravamen of a complaint against a school concerns the denial of a FAPE." *Id.* at 756. "First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school — say, a public theater or library? And second, could an adult at the school — say an employee or visitor — have pressed essentially the same grievance?" *Id.* If the answer to both questions is "no," "then the complaint probably does concern a FAPE, even if it does not explicitly say so; for the FAPE requirement is all that explains why only a child in the school setting (not an adult in that setting or a child in some other) has a viable claim." *Id.* The Supreme Court also stated in *Fry* that "[a] further sign that the gravamen of a suit is the denial of a FAPE can emerge from the history of the proceedings. In particular, a court may consider that a plaintiff previously invoked the IDEA's formal procedures to handle the dispute — thus starting to exhaust the Act's remedies before switching midstream." *Id.* at 757.

Here, the answer to each hypothetical questions is "no". Dkt. No. 10 at 7. Thus, Plaintiffs' ADA and § 504 claims require exhaustion with the TEA because they seek redress for denial of a FAPE and thus invoke the IDEA's prelawsuit administrative process. *See McMillen v. New Caney Indep. Sch. Dist.*, 939 F.3d 640, 648 (5th Cir. 2019); *Doe v. Dallas Indep. Sch. Dist.*, 194 F. Supp. 3d 551, 559 (N.D. Tex. 2016) ("[A] plaintiff cannot avoid exhaustion requirements of the IDEA by repacking the claims under some other statute.") (internal citation and quotation marks omitted). Further, Plaintiffs' decision to originally pursue their claims by invoking the IDEA's formal hearing process in the First TEA Case provides strong support that their claims involve the denial of a FAPE. *See Fry*, 137 S. Ct. at 757. Plaintiffs failed to obtain a decision from the TEA on the

---

[3] The Court will not address Plaintiffs' equal protection argument. The R&R found that no constitutional claim is pending in this case. *See* Dkt. No. 16 at 13.

merits of their ADA and § 504 claims. Without an exception, this Court lacks subject matter jurisdiction over the ADA and § 504 claims.

### B. Plaintiffs' Texas Human Resources Code Claim

Plaintiffs' THRC claim is neither a claim brought under federal law nor a claim between diverse parties. 28 U.S.C. § 1331; 28 U.S.C. § 1332. Since Plaintiffs' ADA and § 504 claims are dismissed, this Court lacks supplemental subject matter jurisdiction over Plaintiffs' THRC claim under 28 U.S.C. §§ 1331, 1332, or 1367.

### C. Dismissal with Prejudice

The incident occurred on March 29, 2016. On January 12, 2018, Plaintiffs filed the First Federal Case. On June 22, 2020, Plaintiffs' ADA and § 504 claims were denied because Plaintiffs had not obtained "an administrative decision on the merits issued by the SEHO." *See J.V. v. Brownsville Indep. Sch. Dist.*, No. 1:18-CV-008, 2020 WL 3415747, at 9 (S.D. Tex. June 22, 2020). Although the First TEA Case, Second TEA Case, Third TEA Case, First Federal Case, Second Federal Case, and Third Federal Case involve slightly different claims, the same Plaintiffs filed all six disputes arising out of BISD's treatment of J.V. Thus, Plaintiffs had more than sufficient opportunities to adequately plead this Court's subject matter jurisdiction.

## III. CONCLUSION

For all the reasons stated, the R&R (Dkt. No. 16) is **ADOPTED**. Defendant's MTD (Dkt. No. 5) is **GRANTED**. Plaintiffs' claims are **DIMISSED WITH PREJUDICE** and the Clerk of Court is **ORDERED** to close this case.

Signed on this \_\_\_4th\_\_\_ day of \_\_\_May\_\_\_, 2022.

_____
Rolando Olvera
United States District Judge